IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF DELAWARE

STEVE A. HICKMAN &
TAWANDA WEATHERSPOON          ]   C.A. No. 05-839 KAJ
   Plaintiffs                ]
                                 ]
vs                               ]
                                 ]
DET. MARZEC & DRUG               ]
ENFORCEMENT ANGENGY              ]
   Defendants                ]



     Now comes the plaintiffs, Steve Hickman and Tawanda Weatherspoon, pro se, who so moves the Honor Court, with this Attachment, as it goes as follows:

     (`1). On 12-27-05, we received notice of certified letter from Drug Enforcement Agency, about our illegally seized property.

     a.  This is definitely a violation of our Due Process rights and Equal Protection of the Law. [14th Amendment].

     b.  This notification comes after more than three (3) months After the seizures as well as a hearing in the Superior Court in the Month of November, in which this information should have been Made available to plaintiffs

     This show a consistent and deliberate pattern that is throughout The whole case, with only one intent, to cause the plaintiffs undue harm And distress under the color of the law.

     The Drug Enforcement Agency. Have no legal or lawful reason Or rationale behind the seizures or need to continue to possess the Personal property of plaintiffs and a Order should be issued to give the Necessary relief.

                                     Respectfully, submitted
                                     *Steve Hickman*   *and Tawanda Weatherspoon*
                                   Tawanda Weatherspoon
                                   Steve Hickman

ccDet Marzec & DEA                    12-29-05

Forfeiture Counsel
Asset Forfeiture Section
Office of Operations Management
Drug Enforcement Administration
P.O. Box 1475 ,
Quantico, Virginia 22134-1475

Asset Forfeiture Section
Office of Operation Management
Drug Enforcement Administration
2401 Jefferson Davis Highway
Alexandria, Va. 22301

    Re; Property of Tawanda Weatherspoon & Steve Hickman
    Asset # 05-DEA-457634 & 05-DEA-457638

Dear Sir or Madam:

    We are responding to the Department of Drug Enforcement Adminstration's
attempt of forfeiture of our money and Dodge Durango. A petiton has already been
filed in U.S. District Court for the District of Delaware for Return of this Illegally seized property,

    (1). The search warrant utilized was invalid, because it was for a residence in Ellendale, Delaware and property was seized from a residence in Lincoln, DE.

    (2). The wasn't used in any drug/illegal transaction or obtained throuht the profit from any illegal activities.

    (3). A few years ago Ms _Dawn Denson_, loan us $30,000 to begin Mobile Home Rental business.

    (4). We purchased three homes, renovated them and began renting them a few years ago.

    a. The $12,900 is part of that money and profits made through our legal, and licensed business.

    b. The Housing Authority recognizes our business and provide financial assistance for several of our tenants.

    Alot of these records are in your possession, because for some unknown

reason they were seized as well on 09-21-05

(5). The Dodge Durango, has never been, used illegally and personal property of Tawanda Weatherspoon,(a) she has never been involved in any drug or illegal activities and never charge with any type of crime,

(6). The illegal seizures of aforementioned legal and lawful property of Tawanda Weatherspoon and Steve Hickman, has created undue burdens and hardships upon them and their family and have jeopardize their business as well as the health and welfare of them and their three (3) minor children.

SWORN and Subscribed)
Sussex County            ) SS:
State of    DELAWARE)

Sworn and Subscribed, before me a Notary Public for the State of Delaware, in and for the Sussex County, Tawanda Weatherspoon and Steve Hickman, with their signatures, verify the above statements to be the truth to the best their knowledge, under the penalty of perjury, on this 29th day of December, in the year of the Lord 2005, A.D.

_Kathleen E. Weller_
Signature & Seal of Notary

_Tawanda Weatherspoon_
Tawanda Weatherspoon

_Steve Hick_
Steve Hickman
9008 Greentop Rd
Lincoln, DE. 19960



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Tawanda Renee Weatherspoon
9008 Greentop Road
Lincoln, DE 19960-2908

| | |
|---|---|
| Asset Id: | 05-DEA-457638 |
| Case Number: | CP-05-0036 |
| Property: | 1999 Dodge Durango MPV 4WD SLT SUV |
| Vehicle ID Number: | 1B4HS28Y0XF623450 |
| Asset Value: | $5,950.00 |
| Seizure Date: | 09/21/2005 |
| Seizure Place: | Ellendale, DE |
| Owner Name: | Hickman, Steven Andrew |
| Seized From: | Hickman, Steven Andrew |
| Judicial District: | District of Delaware |

NOTICE MAILING DATE: December 22, 2005

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **January 26, 2006**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset Id referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Tawanda Renee Weatherspoon
9008 Greentop Road
Lincoln, DE 19960-2908

| | |
|---|---|
| Asset Id: | 05-DEA-457634 |
| Case Number: | CP-05-0036 |
| Property: | $13,320.00 U.S. Currency |
| Asset Value: | $13,320.00 |
| Seizure Date: | 09/21/2005 |
| Seizure Place: | Ellendale, DE |
| Owner Name: | |
| Seized From: | Hickman, Steven |
| Judicial District: | District of Delaware |

**NOTICE MAILING DATE:** December 22, 2005

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **January 26, 2006**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset Id referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**

IN THE UNITED STATE DISTRICT COURT FOR THE DISTRICT OF DELAWARE

STEVE A. HICKMAN  
& TAWANDA WEATHERSPOON  
   Petitioners  
   vs  

C.A. No. _____

DET. MARZEC & DEPARTMENT OF  
DRUG ENFORCEMENT AGENCY  
   Respondents  

dated: 12/12/05

PETITION FOR RETURN OF PROPERTY

   NOW Comes the petitioners, Steve A. Hickman and Tawanda Weatherspoon, who So moves the Honorable Court for the Return of their Illegally seized property, and submit The following in support of the same:

   [a]. Det. Marzec and several Police Officer as well as two DEA agents, on 21st day of September 2005, executed a search warrant for a residence in Ellendale, Delaware, illegally searched and seized personal property of Steve Hickman and Tawanda Weatherspoon, who live in Lincoln, Delaware.

   [b]. Since date to now Det. Marzec and the Drug Enforcement Agency, have held, utilized and controlled the latter mentioned property, while denying petitioner any type of Due Process of opportunity to regain their illegally seized property.

   The facts in responses has totally misrepresented the facts in this case. A Preliminary Hearing was held on 09-29-05 and the under oath testimony of Det Marzec, contradicts nearly every fact raised in the resonse by Mr. Martin B. O'Connor. I will enter the official transcripts of that hearing as well as the Search Warrant used, plus the arrest warrants utilized by Det Marzec, on the 30th of June and 21st of September.

   (1). Det Marzec prepared both Arrest Warrant and Affidavits of Probable Cause and executed both arrest and pursued them not in Federal Courts, but the State of Delaware Court's system. [A-1 thru A-3 & B-1 thru B-3]

   (a). The Possession with Intent to Deliver, on 09-21-05, [B-2] is the same in time, date and location as the Possession with Intent to Deliver, on 06-30-05. [A-2] [look at A-3 and compare it to B-3]

   (2). Whe asked on the stand under oath about his investigation on the 23rd of June 2005, about did he observe Steve in possession of the plastic bag containing the crack he responded, he didn't see it in his possession that day.

   AA-24 reads:

Q. Question : Did you see Steve a Hickman place a plastic bag in the sign?

A.      I did not see a plastic bag, no

In reality no probable cause happen or existed that would support the 23rd as being the basis for Possession with Intent charge used to arrest Steve Hickman on 09-21-05.

(3). When asked under oath about the Search Warrant, used on 09-21-05 Det Marzec responded , that the warrant was for a residence in Ellendale Delaware, and even stopped in the Town of Ellendale and had the Police Officer of that Town follow him to a residence in Lincoln that he believe was Ellendale.

AA-27 reads:

Q.      Question: Did you apply for this Search Warrant for a residence in Ellendale Delaware?

A.      I applied for the search warrant for Steven Hickman, black male, five seven, two fifty, date of birth 3/19/80, premises known are located at 9008 Greentop Road, Ellendale, Sussex County Delaware.

(4). The Search Warrant list Ellendale as the Town twice also. [AA-1]

(5). No new charges came about as a result of the Search and Seizures [State or Federal] as well as no charges are pending in any Federal Court that the seized property is needed for any prosecution.

These facts were known by Det Marzec at the time of the seizures and the procedures being used now to deny Steve Hickman and Tawanda Weatherspoon of their legal and lawful property, is illegal, unlawful, unconstitutional and serves no purposes for the State of Delaware or the U.S. Government.

(6). First the property shouldn't have been seized, Secondly it should have never left the premises and thirdly the State should participate in the "passing of the buck procedure" it is doing now.

(a). A Delaware Judge issued the Search Warrant, A Delaware Police Officer applied for it as well applied for Arrest warrants, that are being prosecuted in the Delaware Court system, to use the DEA presence as excuse to abuse the petitioners this way is ridiculous.

The property Receipt recieved by Hickman and Weatherspoon wasn't legible at all and they were not able to obtain any valuable information from it.

Respectfully, submitted

*Steve Hickman* (signature)
Steve Hickman

Cc: Det. Marzec
U.S. Dept. of Justice

*Tawanda Weatherspoon* (signature)
Tawanda Weatherspoon
9008 Greentop Rd
Lincoln, DE. 19960  302-422-9337

*Kathleen E. Walls* (signature)
Notary Public

Steve Hulemu
Tawanda Weatherspoon
5008 Greentop Rd
Lincoln DE 19960

Clerk
U.S. District Court
844 King St
Wilmington, DE 19801